IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 17-cv-00884-CMA-STV

CHAYCE AARON ANDERSON,

    Plaintiff,

v.

JASON SHUTTERS, in his individual capacity,

    Defendants.

---

**ORDER AFFIRMING AND ADOPTING THE RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE SCOTT T. VARHOLAK**

---

This matter is before the Court on review of the Recommendation by United States Magistrate Judge Scott T. Varholak (Recommendation) (Doc. # 85), wherein he recommends that this Court grant in part and deny in part Defendant Jason Shutters' Motion to Dismiss (Doc. # 63) Plaintiff Chayce Aaron Anderson's Claims One, Two, and Five against him. For the following reasons, the Court adopts the Recommendation in its entirety and dismisses Claims One and Five against Defendant Shutters.

    I.    **BACKGROUND AND STANDARD OF REVIEW**

Magistrate Judge Varholak provided a thorough recitation of the factual and procedural background in this case. The Recommendation is incorporated herein by reference, *see* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b), and the facts will be repeated only to the extent necessary to address Plaintiff's objections.

Plaintiff initiated this lawsuit following his arrest and eventual conviction of sexual assault on a helpless victim in Larimer County District Court, criminal case number 15-CR-1466. (Doc. # 85 at 2.) (*Id.*) As pertinent here, Plaintiff brings a Fourth Amendment claim (Claim One), an excessive force claim (Claim Two), and an intentional infliction of emotional distress claim (Claim Five) against Defendant based on events that occurred during the course of his criminal arrest and prosecution. (Doc. # 61.) Defendant moved to dismiss all three claims. (Doc. # 63.)

Magistrate Judge Varholak recommends that this Court

- grant Defendant's request to dismiss Claim One under Federal Rule of Civil Procedure 12(b)(6) based on the doctrine of qualified immunity;

- grant Defendant's request to dismiss Claim Five under Federal Rule of Civil Procedure 12(b)(1) pursuant to the Colorado Governmental Immunity Act (CGIA); and

- deny Defendant's request to dismiss Claim Two under Rule 12(b)(6) because Plaintiff adequately plead that he was subject to excessive force when being handcuffed.

The Recommendation advised the parties that specific written objections were due within fourteen (14) days after being served with a copy of the Recommendation. (Doc. # 85 at 14, n.4.) Plaintiff filed an Objection (Doc. # 86) to the Recommendation; Defendant did not.

Plaintiff does not object to Magistrate Judge Varholak's recommended disposition of Claim Two. "[T]he district court is accorded considerable discretion with

respect to the treatment of unchallenged magistrate reports. In the absence of timely objection, the district court may review a magistrate [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991). After thoroughly reviewing the Recommendation, in addition to applicable portions of the record and relevant legal authority, particularly the Court is satisfied that, with respect to the unchallenged recommended disposition of Claim Two, the Recommendation is sound and not clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(a). The Court therefore adopts Magistrate Judge Varholak's Recommendation with respect to Claim Two and denies Defendant's request that the Court dismiss that claim.

Plaintiff however objects to Magistrate Judge Varholak's recommended dismissal of Claims One and Five. Federal Rule of Civil Procedure 72(b)(3) thus requires that this Court conduct a de novo review of the issues underlying these claims. In so doing, the Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

Plaintiff appears *pro se* in this matter. The Court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Plaintiff's *pro se* status does not, however, entitle him to the application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002). Moreover, the Court may not "construct arguments or theories for [Plaintiff] in the absence of any discussion of those issues." *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

## II.    CLAIM ONE

### A. FACTS AND RECOMMENDED DISPOSITION

Claim One stems from Plaintiff's visit to the emergency room after his arrest. (Doc. # 61 at 24.) There, Defendant instructed another detective to conduct a Male Sexual Assault Kit (MSAK) examination of Plaintiff. (*Id.* at 21–22.) The MSAK examination was authorized by Court Order for Non-Testimonial Identification issued pursuant to Colorado Rule of Criminal Procedure 41.1 (Rule 41.1 Order). (*Id.*) In his Complaint, Plaintiff alleges that the MSAK examination exceeded the permissible scope of the Rule 41.1 Order. Plaintiff avers that Defendant "allow[ed] [Plaintiff] to be stripped naked, searched naked, photographed naked for 4 separate 360 degrees photographs (front, back, left, right), and ha[ve] his penis swabbed . . . while a sit-in E.R. homosexual nurse physically watched." (*Id.* at 21.) Plaintiff contends that the "very invasive and intrusive examination" in the presence of the male nurse—an "unauthorized member of the public"—violated his Fourth Amendment rights. (*Id.*)

Defendant argues for dismissal of Claim One pursuant to Fed. R. Civ. P. 12(b)(6) on grounds that Defendant is entitled to qualified immunity. Magistrate Judge Varholak agreed and recommended dismissal of the claim. Plaintiff objects to this recommendation, focusing again on the presence of the nurse as being constitutionally prohibitive. Having reviewed the issue de novo, and for the reasons set forth below, this Court agrees with Magistrate Judge Varholak's Recommendation and overrules Plaintiff's Objection.

## B. LAW

To resolve a Defendant's claim of qualified immunity, this Court must decide, pursuant to Fed. R. Civ. Proc. 12(b)(6), whether the facts Plaintiff has alleged make out a violation of a clearly establish constitutional right. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). Indeed, the doctrine of qualified immunity shields officials from civil liability so long as their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). A clearly established right is one that is "sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Reichle v. Howards*, 132 S.Ct. 2088, 2093 (2012) (internal quotation marks and alteration omitted). "[E]xisting precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al–Kidd*, 563 U.S. 731, 741 (2011).

"[C]learly established law" is not defined "at a high level of generality." *Id.* at 742. The dispositive question is "whether the violative nature of particular conduct is clearly established." *Id.* This inquiry "must be undertaken in light of the specific context of the case, not as a broad general proposition." *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004) (per curiam). Such specificity is especially important in the Fourth Amendment context, where the Supreme Court has recognized that "[i]t is sometimes difficult for an officer to determine how the relevant legal doctrine . . . will apply to the factual situation the officer confronts." *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015).

5

## C. ANALYSIS

Plaintiff has failed to adequately plead that Defendant's challenged conduct in this case violated a clearly established right. Defendant was acting pursuant to a Rule 41.1 Order that was based on probable cause and specifically authorized the MSAK—an order that Plaintiff does not challenge as invalid or unlawful. (Doc. ## 61 at 21, 63-3 at 2–3.) Plaintiff appears most concerned with the presence of a male nurse during the examination who was not a member of law enforcement.[1] But Plaintiff has provided this Court with no case law suggesting that the presence of a medical professional, as opposed to a police officer, during a MSAK exam at the hospital is constitutionally improper or unreasonable. Moreover, nothing in the Rule 41.1 Order precluded the presence of a nurse during the MASK examination and Rule 41.1 specifically authorizes it in certain circumstances; it provides, "[b]lood tests shall be conducted under medical supervision, and the judge may require medical supervision for any other test ordered pursuant to this section . . . ." Colo. R. Crim. P. 41.1(f)(1).

Thus, Plaintiff has not demonstrated that Defendant's conduct in directing the MASK examination and allowing the presence of a nurse during the exam violated "clearly established statutory or constitutional rights of which a reasonable person would have known." *See Callahan*, 555 U.S. at 231. Defendant is therefore entitled to

---

[1] In his Complaint and Objection, Plaintiff harps on his assumption regarding the nurse's supposed sexual orientation—suggesting that this somehow renders the nurse's presence constitutionally prohibitive. Plaintiff discusses at length his beliefs about "homosexuality" leading "to eternal damnation," adding that being exposed to "a homosexual . . . violated [him] to his core belief structure," that Defendant was somehow aware of this belief system, and that Defendant "deliberately meant to further harm [Plaintiff]" by allowing the nurse to be present. (Doc. # 61 at 12.) The Court overrules that Objection; the nurse's sexual orientation and Plaintiff's religious beliefs have no relevance to the issues before this Court.

qualified immunity on Plaintiff's Fourth Amendment claim, and Claim One is accordingly dismissed with prejudice pursuant to Rule 12(b)(6).[2]

### III. CLAIM FIVE

**A. FACTS AND RECOMMENDED DISPOSITION**

Claim Five stems from the prosecution of Plaintiff's sexual assault case. Specifically, Plaintiff alleges that Defendant and the prosecutor disclosed confidential information about Plaintiff's 2009 juvenile delinquency case at his public bond reduction hearing in October 2015 and his public sentencing hearing in February 2017. (Doc. # 61 at 26.) Plaintiff also asserts that they disclosed such information "behind 'closed doors.'" (*Id.*) Plaintiff contends that these disclosures caused Plaintiff to "re-live long-ago settled events of the past that were very traumatizing to him," including the sexual abuse he experienced as a child. (*Id.* at 29.)

Defendant argues for dismissal of this claim pursuant to Fed. R. Civ. Proc. 12(b)(1) on grounds that it is jurisdictionally barred by the Colorado Governmental Immunity Act (CGIA)—a law that generally bars tort claims against public employees, including law enforcement officers. Magistrate Judge Varholak agreed and recommended dismissal of this Claim. Plaintiff objects to this recommendation, primarily arguing that Defendant acted in a "malicious manner" in "complete disregard to

---

[2] Dismissal under Rule 12(b)(6) with prejudice is only appropriate "where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001); *see Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010). The Court finds that, due to the Rule 41.1 Order authorizing the MSAK examination and the provision in Rule 41.1 allowing a medical professional to be present for the exam, Plaintiff cannot prevail on the facts he has alleged and it would be futile to give him the opportunity to amend. Thus, dismissal with prejudice is appropriate.

7

[Plaintiff's] substantial rights" and that he therefore waived his sovereign immunity. (Doc. # 86 at 6.) Having reviewed the issue de novo, and for the reasons set forth below, this Court agrees with Magistrate Judge Varholak's recommendation and overrules Plaintiff's Objection.

### B. LAW

Defendant's motion to dismiss, brought under the CGIA, presents this Court with a jurisdictional inquiry analyzed pursuant to Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter. *Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994).

Pursuant to the CGIA, § 24-10-118(2), "[a] public employee is immune from all claims that lie or could lie in tort, unless . . . the act or omission causing the injury was willful and wanton." The phrase willful and wanton is not defined by the Colorado Governmental Immunity Act. *Moody v. Ungerer*, 885 P.2d 200, 204–05 (Colo. 1994). The Colorado Supreme Court has defined willful and wanton conduct as exhibiting a "conscious disregard for the danger." *Martinez v. Estate of Bleck*, 2016 CO 58, ¶ 30, 379 P.3d 315, 323.

To overcome a public employee's immunity from suit, a plaintiff bears the burden of demonstrating that the official's conduct was willful and wanton, i.e. that it exhibited a "conscious disregard for the danger." *L.J. v. Carricato*, 2018 COA 3, ¶ 34, 413 P.3d 1280, 1288. At a minimum, plaintiff must allege "specific facts to support a reasonable inference' that the employee was consciously aware that his . . . acts or omissions

created danger or risk to the safety of others, and that he . . . acted, or failed to act, without regard to the danger or risk." *L.J. v. Carricato*, 2018 COA 3, ¶ 33, 413 P.3d 1280, 1288.

**C. ANALYSIS**

Plaintiff has not met this burden. To begin, Plaintiff's allegations are vague and conclusory.[3] He asserts that Defendant disclosed "confidential information" about his 2009 juvenile case to "unauthorized parties" in public and "behind closed doors," but fails to specify what precise information was disclosed, except to briefly state that Defendant depicted Plaintiff as a "convicted child molester." (Doc. # 61 at 26.) To the extent Defendant did discuss Plaintiff's 2009 juvenile case during his bond reduction and sentencing hearings, the Court agrees with Magistrate Judge Varholak that Defendant was performing his duties as a law enforcement officer to inform the Court about pertinent information in Plaintiff's criminal past; he was not willfully or wantonly disregarding Defendant's rights.

In his Objection to the Recommendation, Plaintiff argues that his 2009 juvenile case was not relevant to his bond or sentence reduction hearings because (1) it was sealed and (2) he was not convicted. Even if that were true, Plaintiff's Claim fails for another reason—nothing in Plaintiff's Second Amended Complaint suggests that Defendant was aware of the "psychological damage or mental anguish" that the 2009 juvenile case caused Plaintiff or that, consequently, Defendant consciously disregarded

---

[3] Indeed, Plaintiff's more specific allegations under Claim Five focus on the prosecutor, Defendant Cara Boxberger, who has already been dismissed from this case. (Doc. # 61 at 9–11, 13.)

that harm.  Although Plaintiff alleges that he suffered "depression, suicide attempts, suicidal tendencies, and anxiety" as a result of the 2009 juvenile case (Doc. # 61 at 29), Plaintiff presents no allegations that Defendant was "consciously aware" that disclosing the 2009 case to the Court in a public hearing or otherwise would risk Plaintiff re-living these harms.  Plaintiff has not, therefore, demonstrated that Defendant acted in a willful or wanton manner.

Because Plaintiff has failed to meet his burden of demonstrating that Defendant's conduct was willful and wanton, the Court finds that Defendant is immune from suit under the CGIA and Plaintiff's Claim Five against him warrants dismissal without prejudice under Rule 12(b)(1).[4]

## IV. CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

1. Plaintiff Chayce Aaron Anderson's Objection to the Recommendation is OVERRULED.  (Doc. # 86.)

2. The Recommendation of Magistrate Judge Varholak is AFFIRMED AND ADOPTED as an Order of this Court.  (Doc. # 85.)

3. Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint is GRANTED IN PART and DENIED IN PART.  (Doc. # 63.)

4. Plaintiff's Fourth Amendment Claim against Defendant Shutters (Claim One) is DISMISSED WITH PREJUDICE pursuant to Fed. R. Civ. P. 12(b)(6).

---

[4] The Tenth Circuit has made clear that "dismissal on sovereign immunity grounds . . . must be without prejudice" because it is a matter of the Court's subject-matter jurisdiction.  *Rural Water Sewer & Solid Waste Mgmt., Dist. No. 1, Logan Cty., Oklahoma v. City of Guthrie*, 654 F.3d 1058, 1069 (10th Cir. 2011).

5. Plaintiff's intentional infliction of emotional distress claim (Claim Five) is DISMISSED WITHOUT PREJUDICE pursuant to Fed. R. Civ. P. 12(b)(1).
6. Plaintiff's excessive force claim (Claim Two) shall proceed as the only remaining claim in this case.

DATED: June 13, 2018

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge