IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 17-cv-00884-CMA-STV

CHAYCE AARON ANDERSON,

   Plaintiff,

v.

JASON SHUTTERS,

   Defendant.

---

**ORDER AFFIRMING AND ADOPTING THE NOVEMBER 19, 2019 RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

---

This matter is before the Court upon the November 19, 2019 Recommendation (Doc. # 152) by United States Magistrate Judge Scott T. Varholak that this Court grant Defendant Jason Shutters' Motion for Summary Judgment (Doc. # 128). Plaintiff filed an Objection to the Recommendation (Doc. # 156), which, for the reasons described herein, the Court overrules. The Court affirms and adopts Magistrate Judge Varholak's Recommendation and grants Defendant's Motion for Summary Judgment.

### I.  BACKGROUND

The Magistrate Judge's Recommendation (Doc. # 152) provides a recitation of the factual and procedural background of this dispute and is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Accordingly, this Order will reiterate only what is necessary to address Plaintiff's Objection.

As a result of this Court's ruling (Doc. # 93) on Defendant's Motion to Dismiss, only one claim remains in this case. In the remaining claim, Plaintiff alleges that Defendant, a detective for the Fort Collins Police Department, violated Plaintiff's Fourth Amendment rights by excessively tightening Plaintiff's handcuffs and causing subsequent injury. (Doc. # 61 at 23–24.) On August 28, 2015, Defendant initiated an investigation regarding Plaintiff's alleged involvement in a sexual assault incident. (Doc. # 128 at 3.) Based on the investigation, a Colorado state court issued a warrant for Plaintiff's arrest. (*Id*. at 4.) Defendant arrived at Plaintiff's location, arrested him, and placed him in handcuffs. (*Id*.) A recording device in Defendant's pocket documented his entire interaction with Plaintiff. *See* (Doc. # 129).

After placing Plaintiff in handcuffs, Defendant asked if the handcuffs were too tight. (Doc. # 152 at 22.) Plaintiff responded, "[n]o, that's fine, completely fine." (*Id*.) Defendant then checked the handcuffs, found one to be too loose, and tightened it. (Doc. # 133-4 at 11.)

Next, Defendant double locked the handcuffs. Defendant explained to Plaintiff that the purpose of double locking was to prevent the handcuffs from tightening further. (*Id.* at 12.) Then, Defendant checked the handcuffs "by inserting [his] index finger between the side of [Plaintiff's] wrist and the handcuff." (Doc. # 128-1 at 10.) Plaintiff did not resist arrest, and there is no evidence of conflict between Plaintiff and Defendant during the handcuffing. (Doc. # 128 at 4.) Subsequently, Defendant placed Plaintiff in Officer Andrew Edmonds' ("Officer Edmonds") patrol car. (Doc. # 152 at 4.)

The interaction between Plaintiff and Defendant, as heard in the audio recording, lasted approximately three minutes. *See* (Doc. # 129). In his Recommendation, Magistrate Judge Varholak correctly observed that "[d]uring the several minute interaction between Defendant and Plaintiff, Plaintiff never once complained about tight handcuffs or wrist pain." (Doc. # 152 at 12.)

Officer Edmonds took Plaintiff to the Fort Collins Police Station. (*Id.* at 14.) Plaintiff first complained of wrist pain and tight handcuffs in the car with Officer Edmonds. (*Id.*) Defendant was not with Plaintiff at that time. (*Id.*)

After Plaintiff arrived at the police station, officers called an ambulance for Plaintiff due to his complaints of wrist pain. (Doc. # 133 at 4–5.) The ambulance took Plaintiff to Poudre Valley Hospital, where he was examined by Physician's Assistant Erin Carnahan. (*Id.*) Mr. Carnahan noted no trauma, swelling, or redness upon examining Plaintiff. (Doc. # 128-1 at 36–37.) Instead, Mr. Carnahan's assessment was that Plaintiff did not suffer any injury to his wrists. (*Id.*)

Based on the aforementioned facts, Defendant moved for summary judgment on July 5, 2019. (Doc. # 128.) Defendant asserts that Plaintiff's remaining claim for use of excessive force fails as a matter of law for three reasons: (1) the force used by Defendant was objectively reasonable under the Fourth Amendment, (2) Plaintiff has failed to demonstrate that his injuries were more than de minimis, and (3) Defendant is entitled to qualified immunity for his actions pertaining to the Plaintiff. (*Id.*) Defendant's

Motion for Summary Judgment has been fully briefed. *See* (Doc. ## 133, 136, 137-1, 147).[1]

On November 19, 2019, Magistrate Judge Varholak issued his Recommendation that the Court grant Defendant's Motion for Summary Judgment. (Doc. # 152.) Plaintiff subsequently filed his Objection on December 3, 2019, asserting that "whether Defendant knew or was made aware that [Plaintiff's] handcuffs were too tight remains a disputed material fact precluding summary judgment." (Doc. # 153 at 6.) Defendant filed a Response to Plaintiff's Objection (Doc. # 157) on December 19, 2019, and Plaintiff filed a Reply (Doc. # 158) on December 31, 2019.

## II. STANDARDS OF REVIEW

### A. REVIEW OF A RECOMMENDATION

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommended] disposition that has been properly objected to." An objection is properly made if it is both timely and specific. *United States v. One Parcel of Real Property Known As 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996). In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

---

[1] Both Plaintiff's Surreply to Defendant's Motion for Summary Judgment and Defendant's Surresponse in Opposition to Plaintiff's Surreply were filed with the permission of the Court. (Doc. # 146); CMA Civ. Practice Standard 7.1A(d)(4).

In the absence of a timely objection, however, "the district court may review a magistrate [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.")).

**B.      SUMMARY JUDGMENT**

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it is essential to the proper disposition of the claim under the relevant substantive law. *Wright v. Abbot Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001). A dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee, Okl.*, 118 F.3d 837, 839 (10th Cir. 1997). When reviewing motions for summary judgment, a court may not resolve issues of credibility, and must view the evidence in the light most favorable to the nonmoving party—including all reasonable inferences from that evidence. *Id*. However, conclusory statements based merely on conjecture, speculation, or subjective belief do not constitute competent summary judgment evidence. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

The moving party bears the initial burden of demonstrating an absence of a genuine dispute of material fact and entitlement to judgment as a matter of law. *Id*. In attempting to meet this standard, a movant who does not bear the ultimate burden of

5

persuasion at trial does not need to disprove the other party's claims; rather, the movant need simply point the court to a lack of evidence for the other party on an essential element of that party's claim. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 644, 671 (10th Cir. 1998) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

Once the movant meets its initial burden, the burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 256 (1986). The nonmoving party may not simply rest upon its pleadings to satisfy this burden. *Id*. Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence from which a rational trier of fact could find for the nonmoving party." *Adler*, 144 F.3d at 671. "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Id*. Ultimately, the Court's inquiry on summary judgment is whether the facts and evidence identified by the parties present "a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52.

## III. DISCUSSION

In his Recommendation, Magistrate Judge Varholak found that "[b]ecause Plaintiff did not inform Defendant that his handcuffs were too tight, or that his wrists were in pain, and has not set forth specific facts or evidence to demonstrate Defendant should have otherwise been aware of any problems with the handcuffs, Defendant cannot be liable for ignoring Plaintiff's complaints and Plaintiff's excessive force claim fails." (Doc. # 152 at 14–5.)

Plaintiff objects to the Recommendation's conclusion that Defendant's Motion for Summary Judgment should be granted as to Plaintiff's excessive force claim. Specifically, Plaintiff argues that a dispute of material fact exists as to whether Defendant is entitled to qualified immunity. *See* (Doc. # 156). Plaintiff contends that, because a reasonable juror could infer Defendant was made aware that the handcuffs he placed on Plaintiff were too tight, Defendant is not entitled to qualified immunity.[2] *See* (Doc. # 153). The Court disagrees.

1. Qualified Immunity Legal Standard

"[Q]ualified immunity . . . is both a defense to liability and a limited 'entitlement not to stand trial or face the other burdens of litigation.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). Public officials are entitled to qualified immunity "in civil actions that are brought against them in their individual capacities and that arise out of the performance of their duties." *Big Cats of Serenity Springs, Inc. v. Rhodes*, 843 F.3d 853, 864 (10th Cir. 2016) (quoting *Pahls v. Thomas*, 718 F.3d 1210, 1227 (10th Cir. 2013)). Once an official has raised qualified immunity as a defense, the plaintiff must show that: "(1) the public official violated the plaintiff's constitutional rights; and (2) these rights were clearly established at the time of the alleged violation." *Id.* (citation omitted). Courts may consider each factor in the

---

[2] The Court's review is limited to the issues raised in Plaintiff's Objection. Fed. R. Civ. P. 72(b).

"sequence [the court] deems best in light of the circumstances of the particular case." *Mink v. Knox*, 613 F.3d 995, 1000 n.4 (10th Cir. 2010).

The Court's review will address only the first element of the qualified immunity defense. Because the Court determines there was no violation of Plaintiff's constitutional rights, it is not necessary for the Court to address the second element.

2.  Application

As to the first element of qualified immunity, Plaintiff argues that Defendant violated Plaintiff's constitutional rights by use of excessive force when handcuffing Plaintiff. However, no genuine issue of material fact exists as to whether Defendant used excessive force when handcuffing Plaintiff because Plaintiff introduced no evidence that Defendant was, or should have been, aware of Plaintiff's discomfort.

In his Objection, Plaintiff correctly asserts that "[i]n excessive force cases, the Tenth Circuit precludes a finding of qualified immunity where **either** the officer ignored timely complaints **or** was otherwise made aware that the handcuffs were too tight." (Doc. # 156 at 4) (citing *Vondrak v. City of Las Cruces*, 535 F.3d 1198, 1209 (10th Cir. 2012)). Plaintiff argues that "a reasonable jury could conclude that Defendant was aware that the handcuffs . . . were too tight because (1) Defendant further tightened the handcuffs on [Plaintiff] after asking [him] if the handcuffs were too tight; [and] (2) [Plaintiff] complained of wrist pain within mere minutes of the over-tightening . . . ." (Doc. # 156 at 2.)[3]

---

[3] The Court notes that Plaintiff also argues that "Defendant was kept away from [Plaintiff] following the arrest." (Doc. # 156 at 2.) However, Plaintiff offers neither factual evidence to support his claim nor legal authority indicating that the evidence would be relevant.

8

As to Plaintiff's first argument, the fact that Defendant tightened the handcuffs is not evidence that the handcuffs were **excessively** tightened.

Plaintiff argues the fact that Defendant asked whether the handcuffs were too tight is evidence that Defendant should have known the handcuffs were excessively tight. However, Defendant's inquiry regarding the tightness of the handcuffs only demonstrates that Plaintiff had the opportunity to inform Defendant if the handcuffs were unduly tight. Additionally, Defendant's question illustrates that Defendant was mindful of the potential risk for discomfort. Therefore, Defendant's inquiry does not support a finding of excessive force.

As to Plaintiff's second argument, it is undisputed that Plaintiff complained of wrist pain once he was in the patrol car. However, there is no evidence that Defendant was aware of those complaints. Therefore, the subsequent complaints made to Officer Edmonds do not support a claim for use of excessive force against Defendant. As Magistrate Judge Varholak correctly observed, ". . . the audio recording, and other undisputed evidence, plainly demonstrate that Plaintiff never informed Defendant of any discomfort from the additional tightening, nor is there any other evidence suggesting that Defendant should have been aware that the handcuffs were too tight." (Doc. # 152 at 12.)

Because Plaintiff failed to produce any substantial evidence in support of his assertions, Plaintiff's excessive force claim fails. Therefore, Defendant is entitled to qualified immunity.

## IV. CONCLUSION

For the foregoing reasons, the Court ORDERS that Magistrate Judge Varholak's November 19, 2019 Recommendation (Doc. # 152) is AFFIRMED and ADOPTED as an Order of the Court. It is

FURTHER ORDERED that Plaintiff's Objection (Doc. # 156) is OVERRULED. It is

FURTHER ORDERED that Defendant's Motion for Summary Judgment (Doc. # 128) is GRANTED.

The Clerk of the Court respectfully is directed to enter judgment in favor of Defendant and against Plaintiff.

DATED: February 25, 2020

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge